UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THE ESTATE OF ANGELA GOODIN, Joseph Goodin, Executor, | ) ) ) | |
| JOSEPH GOODIN, and | ) ) | Civil No: 12-18-GFVT |
| TABITHA GOODIN, | ) ) | |
| Plaintiffs, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| V. | ) ) | |
| KNOX COUNTY, KENTUCKY, | ) ) | |
| KNOX COUNTY DETENTION CENTER, | ) ) ) | |
| J.M. HALL, Knox County Judge Executive, in his Official and Individual Capacities, | ) ) ) ) | |
| MARY HAMMONS, Jailer for Knox County Detention Center, in her Official and Individual Capacities, | ) ) ) ) | |
| BILL MILLS, Deputy Knox County Jailer, in his Official and Individual Capacities, and | ) ) ) ) | |
| JOHN DOE(S), as Employees/Officers of Knox County Detention Center | ) ) ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on the Defendants' Motion to Dismiss [R. 5]. Defendants' request dismissal pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted, and Rule 12(b)(7), failure to join a party under Rule 19, of

1

the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' Motion will be GRANTED in part and DENIED in part.

### I.

Plaintiffs' filed their Complaint on January 24, 2012. [R. 1.] The Complaint contains claims based on federal law, including 42 U.S.C. § 1983, and Kentucky state law. Angela Goodin's incarceration and eventual death while in the Knox County Detention Center on January 28, 2011 provide the factual undergirding for this action. [*Id*. at 5.] It is alleged that Goodin died from taking excessive medication and not being provided medical care. [*Id*. at 7.] Furthermore, Plaintiffs state that Defendants should have known Goodin needed care, at least in part because she complained to Defendants that she was suffering. [*Id*.] Because of Defendants' inaction, foreseeable harm was inflicted on Goodin. [*Id*.]

### II.

Defendants' Rule 12(b)(6) motion argues for dismissal of the following claims: federal claims against particular defendants [R. 5 at 2-3]; state claims against particular defendants [*Id*. at 1-3]; all claims against Bill Mills [*Id*. at 4]; Plaintiffs' claim for injunctive relief [*Id*. at 8; R. 8 at 4]; and Plaintiffs' claims for punitive damages [R. 5 at 5-8]. Defendants' Rule 12(b)(7) motion alleges that the Barbourville Police Department is an indispensable party.

### A.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

2007) (citation omitted).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  Defendants' Rule 12(b)(6) motion seeks dismissal of all federal claims against Knox County Detention Center, J.M. Hall, Mary Hammons, and Bill Mills in their official capacities. [R. 5 at 2-3.]  Utilizing that same Rule, Defendants ask the Court to dismiss any state law claims asserted against Knox County, Knox County Detention Center, and J.M. Hall, Mary Hammons, and Bill Mills in their official capacities based on state sovereign immunity. [*Id*. at 1-3.]

Any claims brought pursuant to § 1983 against Hall, Hammons, and/or Mills, in their official capacities, are functionally equivalent to claims against Knox County: "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  This is because a plaintiff seeking to "recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id*.  Thus, Knox County is the true defendant when the aforementioned parties are sued in their official capacities, and those parties are dismissed. *See Clark v. Kentucky*, 229 F. Supp. 2d 718, 721-22 (E.D. Ky. 2002) (dismissing official capacity claims).  Similar reasoning holds true for § 1983 claims against Knox County Detention Center.  Knox County is the real party in interest and the proper party against which to bring suit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (cited by *Gifford v. Bullitt Cnty. Jail*, 2011 WL 1539795, at *1 (W.D. Ky. April 22, 2011)).

The Motion to Dismiss correctly notes that state claims against Knox County Detention Center and Hall, Hammons, and Mills, in their official capacities, are

equivalent to claims against Knox County. *See Webb v. Jessamine County Fiscal Court*, 802 F. Supp. 2d 870, 886-87 (E.D. Ky. 2011). Whatever immunity is enjoyed by Kentucky counties, therefore, will also protect Knox County Detention Center and the individual defendants in their official capacities. *Id*. at 887; *see also Crawford v. Lexington-Fayette Urban County Government*, 2007 WL 101862, at *3 (E.D. Ky. January 10, 2007) (quoting *Benning v. Board of Regents*, 928 F.2d 775 (7th Cir. 1991) (explaining that state rules of immunity apply to claims premised on state law)). Precedent is clear that "Kentucky counties are cloaked with sovereign immunity under Kentucky law by virtue of their status as an arm or political subdivision of the Commonwealth." *Crawford* 2007 WL 101862, at *1 (quoting and citing other sources) (internal quotation marks omitted). Moreover, Kentucky counties' sovereign immunity is only waived by decision of the Kentucky General Assembly, not by court decree. *Id.* (quoting and citing other sources). "[I]mmunity with respect to the care and keeping of inmates" has not been waived,[1] *Webb*, 802 F. Supp. 2d at 887, and accordingly, such claims against Knox County are barred by Kentucky law.

**B.**

Plaintiffs named Bill Mills, Deputy Knox County Jailer, in his official and individual capacities, in the header of their Complaint. [R. 1.] Mills was not otherwise mentioned in the Complaint, notably even being excluded when Plaintiffs demanded judgment against the Defendants being accused of wrongdoing. [*Id*. at 13 ¶ 5.] Claims against Mills in his official capacity have already been dismissed for the reasons outlined

---

[1] Furthermore, "[t]he doctrine of sovereign immunity extends to actions sounding in both tort and contract." *Wardle v. Lexington-Fayette Urban Cnty. Government*, 2006 WL 2788951, at *4 (Ky. Ct. App. Sept. 29, 2006).

4

above. For the reasons that follow, any claims against Mills in his individual capacity will also be dismissed.

Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the Sixth Circuit, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Plausibility" then, is the benchmark the factual allegations contained in Plaintiffs' Complaint must meet in order to defeat Defendants' Motion to Dismiss.

Plausibility is not achieved in this instance because there is no factual content tying Mills to Goodin's death. The allegations of general misconduct are arguably sufficient to clear the plausibility hurdle, but the Complaint is devoid of facts tying Mills to the misconduct. Plaintiffs do not allege he denied care to Goodin. Plaintiffs do not allege he made policy for the detention center or supervised its employees. [*See* R. 1 at 2 (alleging Hammons was a supervisor and policy-maker).] Plaintiffs do not allege that Mills was present during this incident. The facts provided in the Complaint do not comply with the requirements for overcoming a motion to dismiss set forth by the

5

Supreme Court in *Iqbal.* For that reason, claims against Mills in his individual capacity are dismissed.[2]

### C.

To the extent Plaintiffs are seeking injunctive relief against individual Defendants in their official capacities, in accord with *Ex Parte Young*, 209 U.S. 123 (1908), those claims persist and Defendants' motion [R. 5 at 8; R. 8 at 4-5] is denied.[3] *Ex Parte Young* allows claims for prospective injunctive relief based on federal law: relief that "merely compel[s] the state officer's compliance with federal law in the future . . . is sufficient to invoke the *Young* fiction." *Perez v. Wade*, 652 F. Supp. 2d 901, 906-07 (W.D. Tenn. 2009) (quoting *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999)). Plaintiffs' Complaint seeks an injunction "requiring the training of all personnel in the care and treatment of all captives and prisoners and establishing guidelines for the treatment of all prisoners in custody who have medical afflictions." [R. 1 at 14.] At this stage of the litigation, and based on the facts that have been pled, this claim is sufficient to defeat Defendants' motion. *See Dunn v. Spivey*, 2009 WL 1322600, at *5 n.4 (M.D. Tenn. May 11, 2009).

### D.

Defendants also seek dismissal of Plaintiffs' claims for punitive damages under both state and federal law. [R. 5 at 5-6.] As to punitive damages sought against Knox

---

[2] Defendants attached an affidavit from Mills to their Motion to Dismiss. [R. 5, Ex. 1.] For the reasons identified in the text, the affidavit is not necessary to support this decision, and the Court rejects Mills's affidavit and any information in the motion to dismiss that referenced or relied on Mills's affidavit. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503-04 (6th Cir. 2006) (explaining that if information outside of the pleadings is not rejected a motion to dismiss is automatically converted to a motion for summary judgment). In this way, Defendants' Motion to Dismiss was not converted to a motion for summary judgment. *See id*. at 504.

[3] Official capacity claims against Mills are excepted and are dismissed. *See infra* II.B.

County for violations of federal law, the motion to dismiss is granted. *Belk v. Hubbard*, 2009 WL 3839477, at *4 (E.D. Tenn. Nov. 16, 2009) (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-68 (1981)). In contrast, a punitive damages claim will not be precluded for federal claims against Defendants in their individual capacities. *Id*. (citing *Smith v. Wade*, 461 U.S. 30, 54-56 (1983)); *see also Webb v. Jessamine Cnty. Fiscal Ct.*, 2011 WL 3847454 (E.D. Ky. Aug. 26, 2011). Similarly, it is premature to dismiss Plaintiffs' claim against individual defendants in their individual capacities based on state law. KRS § 411.184(2) permits punitive damages, and this case is based on an individual dying while being detained; it is plausible that this case may justify a punitive damages award.

## E.

Rule 12(b)(7) is also utilized by Defendants as a ground for dismissing Plaintiffs' claims. [R. 5 at 3.] Defendants' contend that the Barbourville Police Department acted contrary to a Kentucky statute in bringing Goodin to the detention center while she was in need of emergency care. [*Id*. at 3-4.] On that basis, Defendants' baldly claim that Barbourville Police Department is an indispensable party. The Court denies Defendants' motion.

Analyzing joinder under Rule 19 first requires the Court to determine whether an entity's presence is required. Rule 19(a)(1) explains:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party

7

> subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Further analysis of Rule 19 joinder is unnecessary because the facts do not dictate that Barbourville Police Department is a required party. Two reasons are especially salient in justifying this conclusion.

First, Defendants support their argument by merely citing a Kentucky statute that explains the booking process, part of which states that "an arresting officer shall obtain medical attention for the person prior to delivery to the jail." Ky. Rev. Stat. (KRS) 71.040. Because Goodin died from drugs which were apparently taken prior to entering the jail, Defendants' argue she was in need of emergency care and the statute was not followed. This argument is misplaced. Whether a KRS provision was followed has no impact on Knox County Detention Center's responsibility to follow the Constitution. In other words, regardless of how Goodin arrived at Knox County Detention Center, once Goodin was lawfully committed to Knox County's care, it was required to treat her in accordance with the Constitution. Knox County's liability is linked exclusively with that determination.

Second, the only rule-based provision that might support Defendants' argument is Rule 19(a)(1)(B)(ii)—the possibility of inconsistent obligations. But the risk that Defendants will be unfairly saddled with liability is not present here. Rather, relief will be granted only insofar as Knox County is found to have violated Goodin's constitutional rights while she was under Knox County's purview. The interaction that occurred between Barbourville Police and Goodin has no bearing on the interaction Goodin had with Knox County. Either, both, or neither could have violated her rights and any relief

8

would be granted solely based on that individual entity's actions.  Defendants 12(b)(7) motion, therefore, will be denied.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Defendants' Motion to Dismiss [R. 5] is **GRANTED** with respect to federal claims against individual Defendants in their official capacities and as to Knox County Detention Center;

(2) Defendants' Motion to Dismiss [R. 5] is **GRANTED** with respect to state claims against Knox County, Knox County Detention Center, and individual Defendants in their official capacities;

(3) Defendants' Motion to Dismiss [R. 5] is **GRANTED** with respect to Bill Mills, in both his official and individual capacities;

(4) Defendants' Motion to Dismiss [R. 5] is **DENIED** with respect to Plaintiffs' claims for injunctive relief against Defendants in their official capacities;

(5) Defendants' Motion to Dismiss [R. 5] is **GRANTED** with respect to a federal claim for punitive damages against Knox County;

(6) Defendants' Motion to Dismiss [R. 5] is **DENIED** with respect to federal and state claims for punitive damages against individual Defendants in their individual capacities;

(7) Defendants' Motion to Dismiss [R. 5] is **DENIED** with respect to the argument that an indispensable party has not been joined; and

(8) Defendants' Objection [R. 10] to Plaintiffs' sur-reply [R. 9], construed as a motion to strike, is **GRANTED**.

This 3rd day of May, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge